JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ARTHUR CAMP AND RAYLENE VERRECCHIA

**DEFENDANTS**

CITY OF PHILADELPHIA, POLICE OFFICERS DONAHUE AND WASHINGTON

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
REGINALD ALLEN, ESQ, 7601 CRITTENDEN STREET, F12, PHILADELPHIA, PA 19118, (215) 242-3875

Attorneys *(If Known)*
CITY OF PHILADELPHIA LAW DEPT.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. S 1983

Brief description of cause:
FALSE ARREST, FALSE IMPRISONMENT, ILLEGAL SEARCH, EXCESSIVE FORCE, RACIAL DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 200,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
08/12/2020

SIGNATURE OF ATTORNEY OF RECORD
*Reginald Allen*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _Plaintiffs are currently homeless in Phila._

Address of Defendant: _1575 Arch Street, 14th Floor, Phila, PA 19102_

Place of Accident, Incident or Transaction: _Philadelphia_

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _8/12/2020_     _Reginald Allen_     _77083_
　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
　　　*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
　　　*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Reginald Allen_, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _8/12/2020_     _Reginald Allen_     _77083_
　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Arthur Camp + Raylene Vercaahia, etal.    :    CIVIL ACTION
                                          :
                          v.              :
                                          :
The City of Philadelphia, et. al.         :    NO.
                                          :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

_8/12/2020_    _Reginald Allen_    _Plaintiffs_
**Date**          **Attorney-at-law**          **Attorney for**

_(215) 242-3875_    _(267) 323-7037_    _reginald.allen08@comcast.net_
**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

ARTHUR CAMP                              : CIVIL ACTION NO.
C/O LAW OFFICE OF REGINALD ALLEN :
1015 CHESTNUT STREET, STE. 400    :
PHILADELPHIA, PA 19107            :
     AND                          :
RAYLENE VERRECCHIA                 : JURY TRIAL DEMANDED
C/O LAW OFFICE OF REGINALD ALLEN :
1015 CHESTNUT STREET, STE. 400    :
PHILADELPHIA, PA 19107            :
     AND                          :
ARTHUR CAMP AND RAYLNE            :
VERRECCHIA ON BEHALF OF THEIR     :
MINOR SON DEVON CAMP              :
C/O LAW OFFICE OR REGINALD ALLEN :
1015 CHESTNUT STREET, STE. 400    :
PHILADELPHIA, PA 19107            :
         PLAINTIFFS,           :
                              :
       V.                      :
                              :
THE CITY OF PHILADELPHIA          :
C/O THE CITY OF PHILADELPHIA LAW  :
DEPT.                            :
1515 ARCH STREET, 14TH FLOOR      :
Dept.                            :
PHILADELPHIA, PA 19102            :
     AND                          :
CITY OF PHILADELPHIA             :
POLICE OFFICERS WASHINGTON AND    :
DONAHUE                          :

C/O THE CITY OF PHILADELPHIA LAW :

DEPT.                                        :

1515 ARCH STREET, 14TH FLOOR       :

PHILADELPHIA, PA 19102                       :

      AND                                   :

THE CURRENTLY UNKNOWN AND                    :

UNNAMED CITY OF PHILADELPHIA                 :

POLICE OFFICERS                              :

C/O THE CITY OF PHILADELPHIA LAW :

DEPT.                                        :

1515 ARCH STREET, 14TH FLOOR       :

PHILADELPHIA, PA 19102                       :

              DEFENDANTS.    :

## COMPLAINT

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. S 1983 and the 4TH Amendment of the United States Constitution. Jurisdiction is based on 28 U.S.C. S 1331 and 1343 (1) (3) (4) and the aforementioned statutory provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and adjudicate state law claims pursuant to 28 U.S.C. S 1367 (a) to hear and adjudicate state law claims.

### PARTIES

1. Plaintiff Arthur Camp is an adult citizen of Philadelphia, PA who

has an address as indicated in the caption above.

2. Plaintiff Raylene Verrecchia is an adult citizen of Philadelphia, PA who has an address as indicated in the caption above.

3. Plaintiffs Camp and Verrecchia are the parents of their minor son, Devon Camp.

4. Defendant the City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns and operates, manages, directs and controls the Philadelphia Police Department which employees the defendant Police Officers Washington and Donahue, and the currently unknown and unnamed defendant police officers, who have an address as indicated in the caption above.

5. At all times relevant to this action, defendants Washington, Donahue and the currently unknown and unnamed City of Philadelphia police officers were acting within the scope of their respective employment and under color of state law, and they are being sued in their respective individual capacities.

## FACTUAL ALLEGATONS

6. On September 20, 2019, upon information and belief, plaintiffs' landlord

3

summoned the police, over some alleged landlord/tenant dispute, and

defendants Washington and Donahue responded to plaintiffs' residence at the

time at 2031 Haworth Street, Philadelphia, PA (the defendant police officers were

assigned to the 15th Police District).

7.  Without permission, and as witnessed by one of plaintiffs' neighbors,

defendants Washington and Donahue forcefully entered plaintiffs' residence

without consent, and while plaintiffs were not home at approximately 8 a.m.

8.  Defendants Washington and Donahue did not have any form of warrant

that authorized them to enter plaintiffs' home, nor were there any exigent

circumstance that justified their warrantless, forced entry into plaintiffs'

residence.

9.   Upon reasonable information and belief, defendants Washington and

Donahue ("defendants") searched plaintiffs' home without consent.

10. Plaintiff arrived back home at approximately 9:34 a.m.

11.  Upon arrival home, they saw the defendants, and  other police, police

vehicles and their landlord.

12. Plaintiff Camp exited his vehicle and approached defendants and asked

what was going on, at which time defendants hollered at him to give them his

4

identification.

13. Neither plaintiff Camp or Verrecchia had broken the law.

14. Plaintiff Camp asked the defendants why they needed his identification and he told them that he wanted to know why they were at his house and why the front door was wide open.

15. Defendant Washington then stated that if plaintiff Camp did not surrender his identification, that he would be in the back of his squad car with handcuffs on.

16. Plaintiff Camp stated that his identification was inside the house, to which defendant Donahue stated words to the effect of, "go get your fucking "id" and while you're at it put your dog away!"

17. Plaintiff Verrecchia and Devon Camp saw the above interaction between the defendants and plaintiff Camp, and Devon became extremely fearful.

18. However realizing that they had done nothing wrong, all plaintiffs went inside the home, and believed that once plaintiff Camp showed his identification that the matter would be over.

19. As plaintiff Camp was entering his residence, the landlord entered the premises and started removing items, and defendants entered the residence, ripping and breaking the front screen door.

5

20. Defendant Washington had his gun drawn as he walked through the living room as he approached plaintiffs' dog, who was caged; Devon was near the dog cage.

21. Devon saw Washington's gun and screamed repeatedly "don't shoot my dog".

22. Plaintiff Verrecchia who had gone to another room, heard Devon screaming and came into the living room.

23. Plaintiff asked defendant Washington why he had his gun drawn, and why he had it pointed at plaintiffs' dog and in the direction of Devon, asking him if he always pulls his gun out over landlord/tenant issues.

24. Defendant Washington replied words to the effect of, "it makes me feel better."

25. Thereafter, plaintiff Camp positioned himself between Washington and Devon and the dog, and he stated not to shoot his dog- that he was secured in his cage, and also stated that his son was right there, to Washington.

26. Plaintiffs contacted the police and requested that supervisory officers respond to the scene, which occurred, and those police officers had the defendants step outside of the residence.

6

27. The supervisory officers gave plaintiff Camp a "DC" number for the incident/police report.

28. Defendants Washington and Donahue got in their car, at which time, as they were leaving, Donahue stated to plaintiff Camp (who is African-American), "fuck you nigger, that is why your about to be evicted" and he further stated, "I will be looking around for you, so make sure I don't find you dirty" and he laughed.

29. As a result of the incident, all plaintiffs suffered severe emotional distress and plaintiffs took Devon for medical treatment, where he was diagnosed as suffering from post- traumatic stress disorder, and prescribed therapy.

30. There were a total of six police officers who responded to plaintiffs' residence, not including the supervisory officers who plaintiff Camp requested.

31. Defendant Donahue is Caucasian.

**FIRST CAUSE OF ACTION AS TO DEFENDANTS WASHINGTON AND DONAHUE FOR FALSE ARREST/UNREASONABLE SEIZUREAND FALSE IMPRISONMENTIN VIOLATION THE 4TH AMENDMENT AND 42 U.S.C. S 1983**

32. Plaintiffs incorporate paragraphs 1-32 above as though fully set forth herein.

7

33. Defendants illegally seized plaintiffs by demanding identification without any valid reason, and by drawing a weapon inside plaintiffs' residence; plaintiffs were not free to leave.

34. By drawing his weapon in a show of force defendant Washington with defendant Donahue's condonation seized the plaintiffs inside of their home –they seized the residence and all of its occupants until they were ordered to leave. WHEREFORE, plaintiffs request judgment in their favor jointly and severally and they request the following relief:

a.  Compensatory damages;

b.  Punitive damages;

c.  Reasonable attorney's fees and costs;

d.  Any other relief the Court deems appropriate.

SECOND CAUSE OF ACTION FOR ILLEGAL SEARCH IN VIOLATION OF THE 4TH AMENDMENT AND 42 U.S.C. S 1983 AS TO DEFENDANTS WASHINGTON, DONAHUE AND THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHIADELPHIA POLICE OFFICERS

35.  Plaintiffs incorporate paragraphs 1-35 above as though fully set forth herein.

36.  Defendant Washington, Donahue and the currently unknown and unnamed City of Philadelphia police officers searched plaintiffs' residence without

8

their permission, and without a search warrant; additionally there were no exigent circumstances warranting a warrantless unconsented to search, nor was their probable cause that plaintiffs had committed any crime – they had not.

37. Plaintiffs suffered severe emotional distress from defendants' illegal conduct.

WHEREFORE, plaintiffs requests judgment in their favor against defendants jointly and severally and they request the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorney's fees and costs;

    d. Any other relief the Court deems appropriate.

### THIRD CAUSE OF ACTION FOR EXCESSIVE FORCE IN VIOLATION OF THE 4TH AMENDMENT AND 42 U.S.C. S 1983 AS TO DEFENDANT WASHINGTON

38. Plaintiffs incorporate paragraphs 1-38 above as though fully set forth herein.

39. Defendant Washington subjected all plaintiffs to excessive force by unnecessarily drawing and pointing his weapon at plaintiff, Devon and their dog, and in plaintiff Verrecchia's presence for no reason; such use of force was done to

9

intimidate plaintiffs out of unreasonable hostility and animus against them, and it caused all plaintiff severe emotional distress.

WHEREFORE, plaintiffs request judgment in their favor against defendant Washington and they request the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs;

d. Any other relief the Court deems appropriate.

FOURTH CAUSE OF ACTION FOR RACIAL DISCRIMINATION IN VIOLATION OF THE 14 AMENDMENT AND 42 U.S.C. S 1983 AS TO DEFENDANT DONAHUE

40. Plaintiffs incorporate paragraphs 1-40 above as though fully set forth herein.

41. Defendant Donahue's actions against plaintiffs, particularly plaintiff Camp and his son Devon as described above, were racially motivated by racial animus against African Americans/Blacks as evidenced by his calling Camp a nigger; Devon is bi-racial, and implicitly that racial slur also applied to him; upon reasonable belief Donahue also had animus against plaintiff Verrecchia who is Caucasian, based on her interracial relationship with plaintiff Camp and the fact

10

that they have a bi-racial son together.

42. Donahue's racist actions caused all plaintiffs severe emotional distress.

WHEREFORE, plaintiffs request judgment in their favor against defendant and they request the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorneys' fees and costs;

    d. Any other relief the Court deems appropriate.

### FIFTH CAUSE OF ACTION AS TO THE CITY OF PHILADELPHIA FOR MONELL VIOLATION IN VIOLATION OF 42 U.S.C. S 1983

43. Plaintiff incorporate paragraphs 1-43 above as though fully set forth Herein.

44. The City of Philadelphia has failed to properly train, supervise and discipline defendants Washington and Donahue, and therefore it is proximately responsible for their illegal actions cited above, based on its deliberate indifference to the need for such training, supervision and discipline to protect the constitutional rights of citizens such as plaintiffs to free from constitutional violations:

11

45. This deliberate indifference includes in the areas of false arrest, false Imprisonment, illegal search, racial discrimination and excessive force;  As a result of defendant's conduct,  plaintiffs suffered violation of his rights under the laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. S 1983.

47. As a direct and proximate result of the acts of the defendant, plaintiff suffered severe emotional distress and loss of enjoyment of life, all to his detriment and harm.

48. Defendant the City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following police practices, patterns, policies and customs and to the need for more or different training, supervision, investigation or discipline in those areas with respect to defendants Washington and Donahue:

a.   Intentionally falsely arresting and imprisoning people with the knowledge that they lacked probable cause to do so, conspiring to have such citizens arrested on the basis of stale and/or misleading evidence, upon their malicious desire to have such persons who they believe fit the profile of a criminal, or who have past criminal records, further punished for those reasons,

12

even though they are not criminals or have served their sentences for past crimes;

b. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force and unlawful seizure;

c. The failure to properly monitor police officers whom it knew or should have known were suffering from emotional and/or psychological problems which impaired their ability to properly function as police officers, including racism;

d. The failure to identify and take remedial or disciplinary actions against police officers who were the subject of prior valid civilian or internal complaints of misconduct;

e. Unlawful arrest and imprisonment, to achieve ends not reasonably related to law enforcement and police duties;

f. The use of racial intimidation and threats.

49. The City of Philadelphia have failed to properly sanction and discipline the named defendant police officers, who they are aware aid and abet Constitutional violations of citizens/persons by other of their respective police officers, thereby causing and encouraging their police officers, including the individual City of Philadelphia police officers named and/or referred to in this action, to violate the civil rights of persons, including plaintiffs.

13

50. Defendants have, by their respective conduct described above, deprived plaintiffs of their rights secured by the Fourth and Fourteenth Amendments to the Constitution and in violation of 42 U.S.C. S 1983.

WHEREFORE, plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs;

d. Any other relief the Court deems appropriate.

SIXTH CAUSE OF ACTION –SUPPLEMENTAL STATE LAW CLAIMS AS TO DEFENDANT POLICE OFFICER WASHINGTON FOR ASSAULT

51. Plaintiff incorporates paragraphs 1-50 above as though fully set forth herein.

52. Defendant Washington assaulted all plaintiffs by unnecessarily drawing his gun and pointing it in the direction of plaintiffs Camp and Devon Camp, placing them in imminent apprehension that he might fire the gun at them.

WHEREEFORE, plaintiffs requests the following relief:

a. Compensatory damages;

b. Punitive damages.

14

Respectfully submitted,

Reginald Allen, Esquire

15